# IN THE SUPREME COURT OF PENNSYLVANIA
## MIDDLE DISTRICT

| | | |
|---|---|---|
| PSP NE, LLC | : | No. 232 MAL 2023 |
| | : | |
| | : | |
| v. | : | Petition for Allowance of Appeal |
| | : | from the Order of the |
| | : | Commonwealth Court |
| PENNSYLVANIA PREVAILING WAGE | : | |
| APPEALS BOARD | : | |
| | : | |
| | : | |
| PETITION OF: BUREAU OF LABOR LAW | : | |
| COMPLIANCE | : | |

## <u>ORDER</u>

**PER CURIAM**

 **AND NOW**, this 22nd day of May, 2024, the Petition for Allowance of Appeal is **GRANTED**. The issues, rephrased for clarity, are:

1. Is risk allocation the only consideration in determining whether a pre-construction lease is covered by the Prevailing Wage Act?

2. How much risk must a developer bear to ensure that public funds do not "in part" pay for construction under *500 James Hance Court v. Pa. Prevailing Wage Appeals Bd.*, 33 A.3d 555 (Pa. 2011), such that a pre-construction lease does not implicate the Prevailing Wage Act?

3. Under *Hance*, what is the distinction between a grievant's burden to prove a "facially legitimate lease" and the Board's burden to prove "that the economic reality of the transaction is different from its appearance?"